IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK12-82897-TLS |
| | ) | |
| WILLIAM STANLEY KOWAL and | ) | CH. 7 |
| RAMONA ANNE KOWAL, | ) | |
| | ) | |
| Debtors. | ) | |

## ORDER

Hearing was held in Omaha, Nebraska, on August 19, 2013, on a motion to dismiss for abuse pursuant to 11 U.S.C. §§ 707(b)(2) and 707(b)(3) filed by the United States Trustee (Fil. #19), with a resistance by Debtors (Fil. #24). Howard T. Duncan appeared for Debtors and Jerry L. Jensen appeared for the United States Trustee. Evidence was admitted and counsel was given an opportunity to submit post-hearing briefs which have now been submitted. This Order contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A).

For the reasons discussed below, this Court finds that a presumption of abuse arises under 11 U.S.C. § 707(b)(2) and that this case should be dismissed or converted to a case under Chapter 13. Further, even if the presumption does not arise, the totality of the circumstances indicates abuse and this case should be dismissed under 11 U.S.C. § 707(b)(3).

### *Background*

On December 28, 2012, Debtors filed their voluntary petition herein, together with their schedules and Form B22A, the Chapter 7 statement of current monthly income and means test calculation. According to Debtors' initial calculations, the presumption of abuse under 11 U.S.C. § 707(b)(2) does not arise as a result of the means test calculation. The U.S. Trustee argues that certain adjustments need to be made to Debtors' calculations, and that after such adjustments a presumption of abuse does arise under 11 U.S.C. § 707(b)(2) and the case should be converted to a Chapter 13 proceeding or be dismissed. The U.S. Trustee further argues that even if the presumption does not arise under § 707(b)(2), the totality of the circumstances of Debtors' financial situation demonstrates abuse under § 707(b)(3).

In support of its position, the U.S. Trustee submitted a revised means test form (Fil. #20, Ex. 1). According to the U.S. Trustee's calculations, the presumption of abuse under § 707(b)(2) does arise, Debtors have monthly disposable income of $885.59, and 60-month disposable income of $53,135.40. Debtors acknowledged that their means test form did need to be revised in accordance with some of the U.S. Trustee's suggestions. However, Debtors did not amend their Chapter 7 means test form; instead they subsequently filed three different hypothetical Chapter 13 means test forms at Fil. Nos. 25, 29 and 35 (each using different current monthly income figures), and amended schedules I and J at Fil. Nos. 28 and 34.

As a result of Debtors' concessions and amendments, the disputed issues were narrowed to the treatment of the 401(k) loan payment that is withheld from Debtors' payroll in the amount of $948.32 per month. Specifically, Debtors appear to agree that the 401(k) loan payment is not a deductible expense for Chapter 7 means test purposes, but is deductible for Chapter 13 purposes. Therefore, Debtors state that their disposable income in Chapter 13 would be substantially reduced or even eliminated. The trustee notes that the 401(k) loan will be paid in full in approximately 18 months and, therefore, Debtors will have those funds to pay toward a Chapter 13 plan.

## *Discussion*

Form B22A was created to implement the complicated means test calculations of 11 U.S.C. § 707(b). In conducting the means test, the form and the statute require a calculation of a debtor's current monthly income and allow the debtor to deduct for means test purposes expense categories determined by National Standards and Local Standards issued by the Internal Revenue Service. 11 U.S.C. § 707(b)(2)(A)(ii)(I). If, as a result of application of the means test, a presumption of abuse arises, it is possible for a debtor to rebut that presumption. 11 U.S.C. § 707(b)(2)(B)(i) provides:

> In any proceeding brought under this subsection, the presumption of abuse may only be rebutted by demonstrating special circumstances, such as a serious medical condition or a call or order to active duty in the Armed Forces, to the extent such special circumstances that [sic] justify additional expenses or adjustments of current monthly income for which there is no reasonable alternative.

In the event a debtor believes that special circumstances apply, the debtor is required to itemize each additional expense or adjustment of income and provide, among other things, a detailed explanation of the special circumstances that may make such expenses or adjustment to income necessary and reasonable. 11 U.S.C. § 707(b)(2)(B)(ii)(II). Debtors arguments in their brief appear to be asserting special circumstances for a variety of reasons, none of which are compelling.

Debtors argue that Mrs. Kowal's income and child support payments have decreased post-petition, leaving less income to fund a Chapter 13 plan. However, it seems clear that Mr. Kowal's income has increased by an amount that is more than sufficient to offset the decrease from Mrs. Kowal. Further, Mrs. Kowal's income is commission-based and there is no evidence that she will not continue to earn income in the future. Debtors also argue that they may have more expenses in the near future for automobiles, home repairs, etc. However, Chapter 13 is designed to take into account future changes in income or expenses through plan modifications. It would be inappropriate to speculate now as to how a hypothetical chapter 13 plan may be impacted by changes in income or expenses.

The primary argument advanced by Debtors pertains to the 401(k) loan payment. Debtors assert that they would have no disposable income under Chapter 13 while making that payment and might have additional expenses to reduce disposable income even after the loan is paid in full in about 18 months. 401(k) loan payments present a difficult problem. Courts have struggled with

whether deductions are allowed for 401(k) loan repayments because, while the payroll deductions for repayment of a loan may be mandatory, the payments nevertheless represent repayment of voluntary retirement contributions. *Compare In re Thompson*, 350 B.R. 770 (Bankr. N.D. Ohio 2006) (holding that 401(k) loan payments, while not properly classified as "other necessary expenses" could be classified as "payments on account of secured debts" and further holding that the obligation to repay a 401(k) loan presented special circumstances justifying additional expenses), *rev'd*, 370 B.R. 762 (N.D. Ohio 2007) *with In re Lenton*, 358 B.R. 651 (Bankr. E.D. Pa. 2006) (holding that 401(k) loan payments were not necessary expenses nor payments on secured debts which could be deducted from current monthly income under the means test but that the obligation to repay the loans constitutes a special circumstance which rebuts the presumption).

Debtors appear to concede that 401(k) loan payments are not "mandatory payroll deductions" that can be deducted as "other necessary expenses" under Line 26 of the means test form. Specifically, 11 U.S.C. § 707(b)(2)(A)(ii)(I) prohibits deduction of "any payments for debts" when calculating the various expense deductions. Further, there is no evidence that the loans are secured. Even if the loans have some right of set-off against remaining 401(k) account funds, such funds are not property of the bankruptcy estate. Thus, the payments on the 401(k) loans also cannot be deducted on Line 42 as payments on secured debt.

However, notwithstanding that finding, as discussed in *In re Don & Margret Herbert,* Case No. BK 07-40224 (Bankr. D. Neb. May 21, 2007), this Court agrees with the *Thompson* and *Lenton* courts that the mandatory nature of the payments is a factor to be considered as a "special circumstance" to rebut the presumption of abuse. The BAPCPA amendments to the Code support the mandatory nature of payroll withholding for 401(k) loan payments by specifically providing that the automatic stay does not apply to such withholding. 11 U.S.C. § 362(b)(19). Although Debtors have not provided any evidence regarding the use of the borrowed funds or the availability of reasonable alternatives to payment of the loans, the court will assume there are no reasonable alternatives. So, for purposes of this opinion, the court will assume Debtors may deduct the 401(k) loan payments as an additional expense solely for the purpose of attempting to rebut the presumption of abuse.

Unfortunately, Debtors have failed to rebut the presumption. The Bankruptcy Appellate Panel for the Eighth Circuit has ruled that when calculating disposable income for the purposes of confirming a Chapter 13 plan, debtors may only deduct the actual amounts necessary to repay the 401(k) loans, not the current monthly payment multiplied by the life of the plan. *Coop v. Lasowski (In re Lasowski)*, 384 B.R. 205 (B.A.P. 8th Cir. 2008). The Court further held that once the 401(k) loans were satisfied that the debtor was required to redirect the additional monthly income, which had previously been used to repay the loans, to unsecured creditors. *Id*. at 213. Debtors do not dispute the technical accuracy of the revised means test form submitted by the United States Trustee which indicates 60-month disposable income of $53,135.40. Debtors have $17,069.94 left to pay on

their 401(k) loan.[1] Thus, even considering payment of the 401(k) loan, the means test calculation indicates 60-month disposable income of $36,065.46 ($53,135.40 - $17,069.94), which would result in significant payments to unsecured creditors. Thus, the presumption of abuse would still arise.

As indicated, Debtors also assert a reduction in Mrs. Kowal's income since filing and the possibility of greater expenses over the next five years. However, those factors are not special circumstances sufficient to rebut the presumption of abuse. There is no evidence that Mrs. Kowal's reduced income is a permanent situation and, in any event, it seems Mr. Kowal's income has increased accordingly. Further, there is no real evidence of the possibility of future expenses and Chapter 13 is designed to allow for modification of a plan in the event of a material change in circumstances. Rebutting the presumption of abuse requires circumstances that are truly special. As one court stated: "Although this presumption may be rebutted, § 707(b) goes on to set this bar extremely high, placing it effectively off limits for most debtors." *In re Haar*, 360 B.R. 759, 760 (Bankr. N.D. Ohio 2007). *See also In re Mary K. Ferando*, Case No. BK06-81855 (Bankr. D. Neb. Mar. 1, 2007) (finding that unusually high commissions earned during the six-month period pre-bankruptcy do not constitute special circumstances); *In re Hanks*, 362 B.R. 494 (Bankr. D. Utah 2007) (finding a job loss and lower income at new employment do not constitute special circumstances); *In re Sparks*, 360 B.R. 224 (Bankr. E.D. Tex. 2006) (comparing special circumstances to an "unanticipated development").

IT IS ORDERED: Therefore, the U.S. Trustee's motion to dismiss (Fil. # 19) is granted. Debtors shall have until October 15, 2013, to file a motion to convert this case to a proceeding under Chapter 13. If a motion to convert the case is not filed by that date, it will be dismissed upon the filing of an affidavit by the U.S. Trustee.

DATE: September 27, 2013

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    Howard T. Duncan
    *Jerry L. Jensen/United States Trustee
    Rick D. Lange

---

[1] The exact amount currently remaining due on the loan is unclear, but a loan statement introduced into evidence (Fil. #31) shows a final loan payment date of March 10, 2015, which is 18 months from now. In their brief, Debtors state the monthly payment is $948.33, which apparently is the bi-weekly payment converted to a monthly amount. In any event, the brief acknowledges that the loan has 18 payments of $948.33 remaining, which totals $17,069.94.

Movant (*) is responsible for giving notice to other parties if required by rule or statute.